JULIO RIVERA, Plaintiff and Appellee, v. HAROLD S. GRAHAM, Defendant and Appellant.

No. 3263. Argued June 3, 1924.—Decided March 3, 1925.

1. AUTOMOBILES—RULE OF THE ROAD.—There is nothing in the law of the road nor in the automobile law that requires an automobile to keep well to the left on passing another car. On the contrary, it must keep as far as possible to the right without causing a collision.
2. NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — ASSUMPTION OF RISK. — A person who sits on the platform of a running truck with his legs hanging over the side of the vehicle voluntarily assumes a position of danger.
3. ID.—LIABILITY.—A person is only liable for the natural and probable consequences of his negligent act.
4. ID.—ID.—PROXIMATE CAUSE.—The driver of an automobile passing a truck running in the same direction is not liable for injuries caused to a person sitting on a side of the said truck, who, fearing a collision, suddenly draws back his legs and causes them to be caught in the sprocket wheel of the truck.

First District Court of San Juan, Charles E. Foote, J. Judgment for the plaintiff in an action for damages. *Reversed*.

*Salvador Suau, R. Castro Fernández* and *Fernando B. Fornaris* for the appellant. *G. de la Haba* and *Miguel García González* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The complainant, who is a carpenter, was traveling with other workmen on a Ford truck. The complaint sets up that complainant seated himself on the left side of the truck to the rear, so that his legs, from the knees down, hung over the side of the said truck; that this vehicle was going towards San Juan and at a moderate pace through that part of the suburbs known as Covadonga, when, according to the complaint, at about Stop 1 the automobile of the defendant, going in the same direction as the truck, tried to

1

rush by at an exaggerated speed, and without giving any notice or warning of any kind; that the defendant, who was steering his own car, came up rapidly from behind the truck and, as alleged, heedless of his own safety and that of the other persons on the truck, passed so close to the left of said vehicle as to give with the right rear mudguard a violent blow to the legs of the complainant; that due to this blow the legs of the complainant were driven back and as a consequence the chain that moved the rear wheels of the truck struck the right heel of the complainant, catching it in the sprocket wheel that engaged the chain. The complaint alleged injuries and consequent damages and the court rendered judgment for the complainant.

[1] Thus the theory of the complaint was that the legs of the complainant were driven back upon the pitch chain by a blow from the defendant's automobile. So also the witnesses of the complainant testified. No other actionable negligence was charged against the defendant and none other was attempted to be proved. It has been suggested that the defendant violated some duty in driving so close to the truck. There is nothing in the law of the road nor in the automobile law that requires an automobile to keep well to the left on passing another car. On the contrary, an automobile is required to keep as far as possible to the right to allow for passing automobiles coming in the opposite direction. There is nothing in the state of the law that requires a passing automobile to allow for more than the necessary space to go safely by the car in front of it.

[2] The complainant had voluntarily assumed a position of some peril, but there is no evidence tending to show that the defendant saw the peril of the complainant or had any reason to anticipate that the legs of the complainant would be in this exposed position.

The physical facts developed at the trial convince us that the accident could not have occurred in the manner de-

scribed by the complainant's witnesses.  It was suggested by one of the complainant's own witnesses that it seemed impossible to him that the car could have passed the truck and struck the legs of the complainant and not have come in contact with any part of the truck.  So true is this that it seems impossible to us under all the circumstances that the legs of the complainant were struck at all.  If it was a direct blow driving back both legs it could hardly have failed to reach the truck.

The evidence convinces us that the complainant, on seeing the approach of the defendant's car, voluntarily or involuntarily withdrew his legs to avoid any possible contact. The testimony of the witnesses excludes any other reasonable hypothesis.  The evidence as to the manner in which the accident happened is far from satisfactory.  The complainant himself hardly knew what happened, according to his own statement.  The other witnesses were not in a position to have testified so positively as to the contact between the legs of the complainant and the rear mudguard of defendant's car.  The defendant himself testified that he was totally unconscious of any accident.

The writer, moreover, with some doubts in the court, thinks that other facts made the accident as described in the complaint impossible.  On or ahead of the mudguard that was alleged to have inflicted the blow, drops of blood were found.  If the rear guard struck the legs of the complainant, driving them back, then, on bringing the legs forward the blood would have fallen to the rear of the alleged striking mudguard.  The complainant apparently acknowledges this physical fact and in answer thereto maintains that the blow caused a bespattering of the blood which attained forward to the places where the blood was found. Given any normal speed in passing and especially the alleged exaggerated speed, the platform of the car could not

have been reached by the blood so supposed to have streamed. out.

Supposing that the defendant was moving rapidly, common prudence for his own safety would require him to give himself an ample space in passing another vehicle. The alleged rapid pace only produced the accident in inspiring fear in the complainant and causing him to withdraw his legs rapidly, but we conceive that no defendant is obliged to reduce his speed in anticipation of the fact that a man with his legs dangling on the side of a truck will suddenly withdraw them and encounter a dangerous wheel underneath the truck.

[3] Even assuming that the defendant passed the truck in a negligent manner, he could not have foreseen that passing so close would have caused the resulting injury. It was the sprocket wheel that seems to have been the real intervening cause of the accident, and no one ordinarily would know of the existence of such a wheel. The injury was not the natural and probable result of the act of the defendant. The law is resumed in *Armour & Co.* v. *Harcrow,* 217 Fed. 227, as follows:

"An injury. which is the natural and probable cause [*sic*] of an act of negligence is actionable, and such an act is the proximate cause of the injury. But an injury that could not have been foreseen nor reasonably anticipated as the probable result of an act of negligence is not actionable, and such an act is either the remote cause or no cause whatever of the injury. The natural consequence of an act is the consequence which ordinarily follows it, the result which may reasonably be anticipated from it. A probable consequence is one that is more likely to follow its supposed cause than it is not to follow it." (Citing cases).

[4] Any attempt to charge to defendant knowledge of the danger of the complainant would make the complainant equally conscious of such danger. A car passing close, or even a warning note, would tend to make a person sitting on the side of a truck withdraw his legs. If it was the

duty of defendant to know and avoid, it was equally the duty of complainant to know and avoid.

The proximate cause of this accident was the combination of events consisting of the position of complainant and the existence of the dangerous wheel. The total result was an unfortunate accident.

The judgment must be reversed and the complaint dismissed.

Chief Justice Del Toro and Justice Hutchison dissented.